IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY Q. KELLY, #352736<br>　　　Petitioner, | * | |
| v. | * | CIVIL ACTION NO. AW-11-262, et seq. |
| BOBBY SHEARIN, et al.<br>　　　Respondents. | * | |
| | *** | |

# MEMORANDUM

I.     Procedural History

On January 28, 2011, the court received the above-captioned cases, representing Anthony Kelly's ("Kelly") attempt to re-file a 28 U.S.C. § 2254 attack on his three 2008 convictions in the Circuit Court for Montgomery County. As it was not readily clear to the undersigned whether Kelly had fully exhausted his state court remedies as to each case, the cases were consolidated for limited purposes. Respondents were directed to file a limited answer focusing on Kelly's exhaustion of his state court remedies as to each conviction and whether exhaustion would be futile. On March 24, 2011, a Response was filed. Respondents assert that Kelly has not exhausted his available state court remedies. ECF No. 12. Kelly has filed a Reply. ECF No. 14.

II.     Standard of Review

Before a petitioner seeks federal habeas corpus relief, he must exhaust each claim presented to the federal court by first pursuing remedies available in the state court. *See Leonard v. Hammond*, 806 F.2d 838, 840 (4th Cir. 1986). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 842 (1999); 28 U.S.C. § 2254(b) and (c). In Maryland, this may be accomplished by raising certain claims on direct appeal and by way of post-conviction proceedings. *See Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997); *Spencer v. Murray*, 18 F.3d 237, 239 (4th Cir. 1994). The

exhaustion requirement demands that the petitioner "do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith*, 27 F.3d 991, 994-95 (4th Cir. 2001), *cf. Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988). This exhaustion requirement is not a jurisdictional prerequisite to federal habeas corpus relief but rather a matter of comity. *See Granberry v. Greer*, 481 U.S. 129, 134-35 (1987). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973).

The United States Supreme Court has interpreted § 2254(c) to require a state prisoner to present his claims to the state's highest court, even if review is discretionary, when such review is part of the ordinary appellate review procedure. *See O'Sullivan v. Boerckel*, 526 U.S. at 845. This generally requires appealing state court decisions all the way to the state=s highest court. *Id.* at 847. Exhaustion is not required if at the time a federal habeas corpus petition is filed petitioner has no available state remedy. *See Teague v. Lane,* 489 U.S. 288, 297-98 (1989); *Bassett v. Thompson,* 915 F.2d 932, 937 (4th Cir. 1990).

III. Analysis

   Facts

In October of 2002, Kelly was charged with first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. ECF No. 12, Ex. 1. In May of 2003, he was charged with first-degree rape and armed robbery in *State v. Kelly*, Case No. 97760. *Id.*, Ex. 2. Also in May of 2003, he was charged with two counts of

2

first-degree murder, burglary, armed robbery, theft, and use of a handgun in *State v. Kelly*, Case No. 97749. ECF No. 12, Ex. 3. All charges were filed in the Circuit Court for Montgomery County. At the conclusion of pre-trial hearings, on June 3, 2004, Kelly was declared incompetent to stand trial in all three cases. *Id*., Exs. 1-3. Approximately three years and eight months later, on February 5, 2008, the Circuit Court determined that Kelly was competent and all three cases proceeded to trial. *Id*.

On June 11, 2008, a jury found Kelly guilty by a jury of first-degree rape, first-degree assault, and use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 96433. *Id*., Ex. 1. On July 2, 2008, a jury found him guilty of first-degree rape in *State v. Kelly*, Case No. 97760. *Id*., Ex. 2. On August 4, 2008, a jury found Kelly guilty of two counts of first-degree murder, burglary, armed robbery, theft, and two counts of use of a handgun in the commission of a felony or crime of violence in *State v. Kelly*, Case No. 97749. *Id*., Ex. 3. On September 8, 2008, Kelly was sentenced in all three cases to four consecutive life sentences (two of which were imposed consecutively and without parole), plus additional twenty- and eighty-year consecutive terms.

Kelly noted a self-represented appeal from all three judgments of conviction to the Court of Special Appeals of Maryland. On July 10, 2009, the appeals were dismissed on grounds of non-compliance with the rules of appellate procedure. *Id*., Exs. 1-3. Kelly's request for further review of the dismissal of his appeal was denied by the Court of Appeals of Maryland on July 21, 2009. *Id*. His reconsideration request was denied by the Court of Special Appeals on August 31, 2009. *Id*.

On March 18, 2010, after the dismissal without prejudice of his first 28 U.S.C. § 2254 Petition in *Kelly v. Shearin, et al.*, Civil Action No. AW-09-2241 (D. Md.), Kelly filed a petition for post-conviction relief in *State v. Kelly*, Case No. 96433, which was withdrawn at his request on

3

April 14, 2010. ECF No. 12, Ex. 1. Respondents state that although Kelly has filed other pleadings in that case, he has not re-filed or otherwise pursued state post-conviction relief.

On September 12, 2010, Kelly filed a "writ of actual innocence" in *State v. Kelly*, Case No. 97760. This writ remains pending in the Circuit Court for Montgomery County. According to Respondents, Kelly has not sought state post-conviction relief with respect to that case. ECF No. 12, Ex. 2.

Finally, on September 13, 2010, Kelly filed a petition for post-conviction relief in *State v. Kelly*, Case No. 97749. *Id*., Ex. 3. The petition was withdrawn at Kelly's request on December 16, 2010. No post-conviction proceedings are pending in that case.

Respondents argue that Kelly still has not fully pursued state post-conviction relief in any of the three judgments that are the subject of his current petitions. They maintain that Kelly has yet to exhaust his state remedies and as such remedies remain available to him and the state does not waive exhaustion requirements, Kelly's Petitions should be dismissed for non-exhaustion.

In his Reply, Kelly seemingly raises substantive arguments with regard to the legality of his state convictions, arguing that state court decisions were unreasonable under 28 U.S.C. § 2254(d) & (e). He further complains that the state court failed to hold an evidentiary hearing on his state habeas corpus petition and improperly relied on a procedural default argument.[1] ECF No. 14. Kelly also claims that exhaustion of his state court remedies through the Maryland Uniform Post-Conviction Procedure Act ("UPCPA") is unnecessary because the "main purpose" of the UPCPA is

---

[1] The state court criminal dockets show that Kelly did file applications for issuance of a writ of habeas corpus in all three cases in January and February of 2011. ECF No. 12 at Exs. 1-3. The applications were summarily denied. *Id.* A petition for writ of habeas corpus in the circuit court does not satisfy the exhaustion requirement; if the petition is denied, the prisoner must still apply for post conviction relief through the Maryland Court of Special Appeals, and, if necessary, the Maryland Courts of Appeals, to exhaust his state remedies. *See Jenkins v. Fitzberger,* 440 F.2d 1188, 1189 n. 1 (4th Cir. 1971).

4

to review a "trial attorney's…legal representation throughout your case to ensure that you were not deprived of your constitutional right to an effective attorney." Kelly argues that there are many grounds that are not appropriate for post-conviction review.[2] He argues that exhaustion would be futile.

The record presented to the court clearly shows that Kelly has not exhausted his remedies as required under § 2254(c). Therefore, the court shall address his argument that there are circumstances excusing exhaustion.

A petitioner need not first present his habeas claims to the state court if the exhaustion requirement has been waived by the state, state court remedies are ineffective to protect petitioner's right, or there are no available state remedies at the time of filing his § 2254 petition. *See* 28 U.S.C. § 2254(b).

Respondents submit that the exhaustion requirement should not be excused in Kelly's cases because they do not waive exhaustion requirements, there was and is not any impediment to Kelly pursuing post-conviction relief, and remedies remain available to Kelly.

There is no dispute that while Kelly sought direct appeal in all three criminal prosecutions in the Court of Special Appeals, the appellate court never reviewed the claims due to Kelly's failure to comply with Maryland Rules (failure to provide transcript). Although this court previously instructed Kelly of the need to exhaust his remedies and grounds by way of state post-conviction

---

[2] In his relief request attached to his Reply, Kelly intimates that Respondents should be penalized for disobeying court order because they did not provide him with "all exhibits." ECF No. 14 at p. 5. The certificate of service attached to Respondents' Answer indicates that the response and exhibits were served on Kelly. ECF No. 12 at certificate of service. Kelly does not indicate what exhibits were missing from the Respondents' Answer. A review of the court docket seemingly indicates that when Kelly cites to "all exhibits" he is referencing some 300 exhibits associated with his three criminal cases. *See* ECF No. 6. As Respondents are raising a non-exhaustion argument, it is only necessary for them to provide exhibits relevant to and supportive of such an argument, e.g., the state court docket entries. These exhibits accompany their Answer.

review, he only sought post-conviction relief in two of his three criminal cases and promptly withdrew the post-conviction petitions within months of their filing. Therefore, none of his claims have been fully addressed on direct or collateral state court review.

The grounds set out in the consolidated Petition are not a model of clarity. When affording the application a generous interpretation, the following grounds are arguably raised: (1) violation of speedy trial rights; (2) absence of arrest warrant and arrest without probable cause; (3) sufficiency of indictment; (4) failure to provide notice of criminal charges; (5) sufficiency of evidence given another suspect and discovery of murder weapon; (6) denial of "fair trial;" and (7) unconstitutional jury instructions. Remedies on state collateral review remain available to Kelly. The post-conviction process may allow him to present these claims and to have them addressed on the merits. The court sees no basis for waiver of exhaustion requirements. Consequently, the consolidated Petition is not subject to substantive review in federal court at this time. *See Rose v. Lundy*, 455 U.S. 509, 521-22 (1982); *see also Coleman v. Thompson*, 501 U.S. 722, 731 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

For the aforementioned reasons, the court shall dismiss the consolidated Petition without prejudice for the failure to exhaust state court remedies. A separate Order shall be entered reflecting this decision.

Date: <u>April 14, 2011</u>  _____//s//_____
Alexander Williams Jr.
United States District Judge